# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Eunice Elaine Curry

### DEFENDANTS
Devereux Foundation

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Robert T Vance Jr, 100 South Broad Street, Suite 1525, Philadelphia PA 19110 215 557

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | [x] 442 Employment / ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application / ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education / ☐ 550 Civil Rights / ☐ 555 Prison Condition / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1981

Brief description of cause:
Employment discrimination - race

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  NONE
DOCKET NUMBER _____

DATE: January 4, 2021

SIGNATURE OF ATTORNEY OF RECORD: *Robert T Vance Jr*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Royersford, Pennsylvania__

Address of Defendant: __Villanova, Pennsylvania__

Place of Accident, Incident or Transaction: __Brandywine, Pennsylvania__

---

*RELATED CASE, IF ANY:*

Case Number: __None__    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __January 4, 2021__    __/s/ Robert T Vance__    Attorney I.D. # __37692__
Attorney-at-Law / Pro Se Plaintiff

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Robert T Vance Jr__, counsel of record or pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __January 4, 2021__    __/s/ Robert T Vance__    Attorney I.D. # __37692__
Attorney-at-Law / Pro Se Plaintiff

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## United States District Court for the Eastern District of Pennsylvania

Eunice Elaine Curry :
:
vs : Civil Action No.
: Jury Trial Demanded
Devereux Foundation :

### Complaint

Plaintiff, Eunice Elaine Curry, brings a series of claims against defendant, Devereux Foundation, of which the following is a statement:

### Jurisdiction and Venue

1. This Court has original jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. §§ 1331, 1332 and 1343, this action being brought under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (Nov. 21, 1991). This Court may exercise supplemental jurisdiction over Ms. Curry's state law claims pursuant to 28 U.S.C. §1367.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that defendant is a resident of this judicial district and a substantial part of the events and omissions giving rise to this cause of action occurred in this judicial district.

### The Parties

3. Plaintiff, Eunice Elaine Curry, is an African American female citizen of the United States and a resident of this judicial district.

4. Defendant Devereux Foundation has a principal place of business located at 444 Devereux Drive, Villanova PA 19085.

5. At all times relevant to this action, defendant was an "employer" within the meaning of Section 1981 and applicable state law.

6. The acts set forth in this Complaint were authorized, ordered, condoned, ratified and/or done by defendant's officers, agents, employees and/or representatives while actively engaged in the management of defendant's business.

***Background Facts***

7. Eunice Elaine Curry began working for defendant in June 2007 as a program supervisor. During her employment, she experienced numerous instances of discrimination and harassment because of her race. She complained repeatedly to defendant's Human Resources Department about the discrimination and harassment, but defendant failed to timely or adequately investigate her complaints and eradicate the discrimination and harassment. Most recently, consistent with its pattern and practice of discriminating against Blacks in connection with promotions and selection, defendant discriminated against Ms. Curry because of her race by failing to select her for three (3) positions for which she was qualified.

8. On February 3, 2020, Daniel Eichelberger, defendant's Assistant Executive Director and a White male, issued an email to employees, including Ms. Curry, regarding the restructuring of the campus leadership to include one Campus Administrator position, three Program manager positions, and one Program Director position.

9. Sometime during the week of February 4, 2020, Ms. Curry applied for the Program Director position and the Program Manager position for the Brook Program, one of four Programs run by defendant.

10. On February 14, 2020, Ms. Curry was interviewed by an Interview Panel for the Program Director position. The Interview Panel comprised five (5) management personnel, all but one of whom were non-Black.

11. On March 2, 2020, defendant issued an email stating that Byron Lee, a White male, had been promoted to the Campus Administrator position.

12. On March 10, 2020, Ms. Curry was informed that she had not been selected for the Program Director position, despite the fact that she was qualified for the position. Ms. Curry was asked if she was still interested in the Program Manager position in the Brook Program, and replied that she was.

13. On March 25, 2020, Ms. Curry requested a meeting with Eichelberger in an effort to seek guidance and insight regarding his opinion about her as an employee, and her professional knowledge, experience and abilities. Ms. Curry met with Eichelberger for about an hour. The meeting began with them processing and debriefing due to her stress after managing a crisis incident in the program just prior to the meeting. They then discussed Ms. Curry as a professional and her contribution to the program and the campus. Later in the discussion, they discussed her professional relationship with Lee, her direct supervisor. Ms. Curry informed Eichelberger about challenges she faced while working for Lee. Eichelberger suggested that she talk with Lee about her concerns and that she let Lee know that she was willing to help with program needs. She shared with Eichelberger her ambivalence about the idea of speaking with Lee. At the conclusion of the meeting, as she was leaving, Eichelberger commented "People are afraid of the angry Black woman." Ms. Curry replied, "I am not an angry Black woman." Eichelberger responded, "but you have been angry."

14. On March 31, 2020, Lee announced that Cary Zandy, a White female, had been selected for a Program Manager position. Ms. Curry was qualified for that position.

15. On April 27, 2020, Ms. Curry participated in a telephone interview for the Program Manager position for the Brook Program with Lee and Brian Wood.

16. On May 2, 2020, defendant announced that Beth Manwiller, a White female, had been selected as Program Director of the Eagleview and Evergreen programs. Ms. Curry was qualified for that position.

17. On May 7, 2020, Lee informed Ms. Curry that she had not been selected for the Program Manager position in the Brook Program, despite having worked in that program for 13 years and despite the fact that she was qualified for the position. Ms. Curry asked Lee why she was not selected. Lee told her he would meet with her about the decision, but that he did not have time that day. That same day, Lee issued an email regarding the restructuring of the campus and the newly appointed Campus Leadership team.

18. On May 20, 2020, Ms. Curry made a request to defendant's Human Resources Department for a copy of her most recent assessment. In response, defendant's Human Resources Department sent her an assessment from 2016. She also requested her annual assessment from 2015, but was told that there was no annual assessment for her from 2015.

19. On May 21, 2020, Ms. Curry met with Lee to discuss the fact that she had applied for two positions in 2020, and had not been promoted. Lee was guarded and curt. She made clear to Lee that the purpose of the meeting was to discuss the reasons why she was not selected for promotion after working for him and in the Brook Program for 13 years. Lee was evasive and failed to provide any direct feedback. At one point during the meeting, Lee commented that,

"I do not know if there is an answer." Also during the meeting, Ms. Curry told Lee about the racially offensive and derogatory statement Eichelberger had made on March 25, 2020.

20. On June 8, 2020, Ms. Curry sent an email to Lee requesting a meeting regarding Eichelberger's comment.

21. On June 9, 2020, Ms. Curry met with Lee about the comment. She also asked when she could expect her annual assessment, and was told that she would receive it in a couple of weeks.

22. On June 22, 2020, Meg Rappoldt from defendant's Human Resources Department contacted Ms. Curry regarding Eichelberger's comment and requested a statement fromn her. She told Ms. Curry that Patrick Girdner, a White male and defendant's Director of Human Resources, would contact her regarding the matter. Ms Curry told Rappoldt that she was not comfortable talking with Girdner because she had heard that Girdner was an old friend of Eichelberger's from a previous employer, the Hershey Schools.

23. On July 2, 2020, Ms. Curry sent to Rappoldt written complaints regarding the Eichelberger statement and the treatment she received from Lee. As of that date, Ms. Curry still had not received her annual assessment.

24. On July 20, 2020, Ms. Curry met with Girdner and Melissa Irons from defendant's Human Resources Department to discuss her treatment by Eichelberger and Lee.

25. On Juy 30, 2020, Ms. Curry met with Eichelberger, Irons and Girdner about her complaints. No resolution of her complaints was reached.

26. On September 30, 2020, Ms. Curry met with Girdner and Irons and told them she still had not been told why she had not been promoted. Girdner stated that he was a part of the interview panel and had received feedback that Ms. Curry was "conflictual" and "something

about teamwork." Ms. Curry rejected those personal attacks and Girdner stated that he would to get an answer to her inquiry.

27. To date, the only explanation defendant provided for failing to promote Ms. Curry to any of the positions she applied for was Lee stating that she was not promoted "because we were looking for a cohesive team." Defendant has never contended that Ms. Curry was not qualified, or was not the most qualified candidate, for any of the positions she sought.

28. Ms. Curry has suffered, is now suffering and will continue to suffer emotional distress, mental anguish, loss of enjoyment of life and other non-pecuniary losses as a direct and proximate result of defendant's race discrimination, harassment and retaliation.

29. Defendant harassed, discriminated and retaliated against Ms. Curry because of her race.

30. By reason of defendant's discrimination, harassment and retaliation, Ms. Curry suffered extreme harm, including loss of income and other employment benefits, loss of professional opportunities, embarrassment and humiliation.

31. Defendant acted and failed to act willfully, maliciously, intentionally and with reckless disregard for Ms. Curry's rights.

### *Count I*

### *The Civil Rights Act of 1866, 42 U.S.C. §1981*

32. Plaintiff restates and realleges paragraphs 1-31, inclusive, as though set forth here in full.

33. Ms. Curry had a federal statutory right under the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"), as amended, to be accorded the same rights as were enjoyed by White employees with respect to the terms and conditions of their employment relationship with

defendant and to the enjoyment of all benefits, privileges, terms and conditions of that relationship.

34. Defendant's conduct described above deprived Ms. Curry of the rights, privileges and immunities guaranteed to her under Section 1981.

35. By reason of defendant's race discrimination, harassment and retaliation, Ms. Curry is entitled to all legal and equitable relief available under Section 1981.

## Count II

### Intentional Infliction of Emotional Distress

36. Plaintiff restates and realleges paragraphs 1-31, inclusive, as though set forth here in full.

37. Defendant knew, or in the exercise of reasonable care, should have known, that its harassment of and discrimination and retaliation against Ms. Curry because of her race, failure to promote her to positions for which she was qualified, failure to investigate her complaints, and tolerance of the manner in which she was mistreated by her supervisors and other management personnel, would cause, and did cause, her mental anguish and emotional distress, and was so extreme so as to exceed all bounds that are usually tolerated in a decent and civilized society.

38. Defendant's extreme and outrageous conduct intentionally or recklessly caused severe emotional distress to Ms. Curry.

39. As a direct and proximate result of the acts and omissions described above, Ms. Curry suffered actual damages, including loss of earnings and future earning capacity, emotional distress, mental anguish, humiliation and embarrassment, attorney's fees and costs.

40. The acts and omissions of defendant described above were willful, wanton, malicious, intentional, oppressive and done in willful and conscious disregard of the rights and welfare of Ms. Curry, thereby justifying an award of punitive damages.

### *Jury Demand*

41. Ms. Curry hereby demands a trial by jury as to all issues so triable.

### *Prayer for Relief*

Wherefore, Plaintiff, Eunice Elaine Curry, respectfully prays that the Court:

a. adjudge, decree and declare that defendant has engaged in illegal race discrimination, and that the actions and practices of defendant complained of herein are violative of her rights under Section 1981;

b. order defendant to provide appropriate job relief to Ms. Curry, including an immediate promotion;

c. enter judgment in favor of Ms. Curry and against defendant for all available remedies and damages under law and equity, including, but not limited to, back pay, front pay, past and future mental anguish and pain and suffering, in amounts to be determined at trial;

d. order defendant to pay the attorney's fees, costs, expenses and expert witness fees of Ms. Curry associated with this case pursuant to 42 U.S.C. § 1988;

e. grant such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable; and

f. retain jurisdiction until such time as the Court is satisfied that defendant has remedied the unlawful and illegal practices complained of herein and is determined to be in full

compliance with the law.

_____
Robert T Vance Jr
Law Offices of Robert T Vance Jr
100 South Broad Street - Suite 1525
Philadelphia PA 19110
215 557 9550 tel / 215 278 7992 fax
rvance@vancelf.com

*Attorney for Eunice Elaine Curry*